**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ayodele OLOWOYO, Defendant– Appellee.**

No. 05–30565
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 2, 2006.

Camille Ann Domingue, Stephanie A. Finley, Assistant U.S. Attorneys, U.S. Attorney's Office Western District of Louisiana, Lafayette, LA, for Plaintiff–Appellee.

John Kevin Stockstill, Lafayette, LA, for Defendant–Appellant.

Before JONES, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM: *

Ayodele Olowoyo appeals from his conviction of conspiracy. He contends that his 36–month sentence, which was above the 24–30 month guideline sentencing range, was unreasonable because it was based on his relatively privileged socioeconomic background. Olowoyo's contention, which he raises for the first time on appeal, is unconvincing.

We review Olowoyo's contention under the plain-error standard, see FED.R.CRIM.P. 52(b), and he cannot demonstrate revers-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

---

ible plain error based on reliance on an impermissible factor if the district court could have imposed the same sentence based on permissible factors. *See United States v. Jones,* 444 F.3d 430, 440–42 (5th Cir.2006). In Olowoyo's case, the district court relied in part on the fact that Olowoyo "caused a lot of trouble for a lot of people." Indeed, the presentence report indicated that Olowoyo's offense affected a total of 57 credit card accounts. The district court could have imposed a reasonable 36–month sentence based on the number of victims in the offense. *See United States v. Davenport,* 286 F.3d 217, 220–21 (5th Cir.2002).

**AFFIRMED.**

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.